IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No.  07-cv-00256-REB

UNITED STATES OF AMERICA,

      Petitioner,

v.

DAVID G. BRINEY, individually,
SOLUTIONS NOW 1, INC., a Colorado corporation,
TOOL SOLUTIONS1, INC., a Colorado corporation, and
TOOL SOLUTIONS 2, INC., a Colorado corporation,

      Respondents.

## ORDER GRANTING THE UNITED STATES' PETITION
## TO ENFORCE IRS SUMMONSES

**Blackburn, J.**

This matter is before me on the **United States' Petition to Enforce IRS Summonses and Memorandum in Support** [#1], filed February 5, 2007.  The respondents have filed a response, and I conducted a hearing on this matter on March 23, 2007.  The United States' petition to enforce is granted.

### I.  JURISDICTION

I have jurisdiction over this matter under 26 U.S.C. §§ 7402 and 7604(a), and under 28 U.S.C. §§ 1340 and 1345.

### II.  BACKGROUND

This matter concerns an investigation by the Internal Revenue Service of Solutions Now 1, Inc., Tool Solutions 1, Inc., Tool Solutions 2, Inc., and David Briney.  Briney is the president and owner of each of the respondent corporations.  IRS Agent,

Bob Brewer, has filed a declaration in which he indicates that he is conducting an investigation to determine whether Briney and the three corporations have engaged in conduct subject to penalty under 26 U.S.C. § 6700. Brewer's declaration is attached to the United States' petition. In October, 2006, Brewer issued separate IRS administrative summonses to Briney and each of the three corporations, and those summonses were served on Briney. *Declaration*, ¶¶ 4 - 5. The summonses direct each of the respondents to produce certain books, papers, records, and other data described in the summonses.

Briney did not appear at the time and place indicated in the summonses, and has stated that he does not intend to comply with the summonses. *Declaration*, ¶ 6. The IRS is not in possession of the information sought in the summonses, and all administrative steps required by the Internal Revenue Code for issuances of a summons have been taken as to these summonses. *Declaration*, ¶¶ 7 - 8. Brewer says it is necessary to examine the records sought in the summonses to determine

> whether the Tool Plan promoted by Respondents is abusive, whether Respondents made or furnished statements with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit which they knew or had reason to know is false and fraudulent as to any material matter as penalized by 26 U.S.C. § 6700, and whether the clients of Solutions Now 1, Tool Solutions 1, and Tool Solutions 2 are in compliance with the Internal Revenue Code.

*Declaration*, ¶ 9.

### III.  ENFORCEMENT OF IRS ADMINISTRATIVE SUMMONS

Under 26 U.S.C. § 7602, the IRS has the authority to issue a summons for records relevant to the purpose, *inter alia*, of "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 28 U.S.C. § 7602(b). Section 7602 imposes various requirements for issuance of such summonses, and the record in this case indicates that those requirements have been satisfied. The courts

also have established requirements for enforcement of IRS summonses. To obtain enforcement of an administrative summons, the IRS must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the material sought is not already within the government's possession; (4) the administrative steps required by the Internal Revenue Code and applicable regulations have been followed; and (5) no criminal referral regarding the case has been made to the Department of Justice. ***United States v. LaSalle Nat'l Bank***, 437 U.S. 298, 318 (1978); ***United States v. Powell***, 379 U.S. 48, 57-58 (1964). The government's burden is slight. An affidavit from the IRS agent issuing the summons generally is sufficient to meet that burden. ***United States v. Balanced Fin. Management, Inc.***, 769 F.2d 1440, 1443 (10th Cir.1985).

Agent Brewer's declaration satisfies the government's burden. An investigation concerning the question of whether or not the tool reimbursement plans of the respondents comply with the requirements of the Internal Revenue Code is legitimate. The information sought in the summonses is relevant to this question. Agent Brewer states in his declaration that the information sought is not in the government's possession, and he states that all appropriate administrative steps have been followed. Finally, Agent Brewer notes that the investigation of the respondents' tool plans has not been referred to the Department of Justice.

Once the government's burden has been satisfied, the respondent must establish any defenses or prove that enforcement of the summons would constitute an abuse of the court's process. ***Balanced Fin. Management, Inc.***, 769 F.2d at 1444. The respondent must demonstrate a lack of good faith by showing that the government has abandoned, in the institutional sense, its pursuit of possible civil penalties. ***Id***. In

responding to the government's showing, the party objecting to an IRS summons "must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." *Id*. at 1444 (quoting ***U.S. v. Garden State National Bank***, 607 F.2d 61, 71 (3rd Cir. 1979)). If the respondent cannot refute the government's prima facie showing, or cannot factually support an affirmative defense, then the court should dispose of the proceeding on the papers before it, without an evidentiary hearing. *Id*.

The declaration of respondent David G. Briney is attached to the respondents' response. Briney describes in his declaration that he received a letter from the IRS dated February 23, 2006, in which the IRS indicated that it was considering assessing penalties or an injunction against Briney. Briney says he met with Agent Brewer and IRS area counsel Nick Richards on May 4, 2006. During this meeting, Briney provided Brewer and Richards with the details of the workings of the tool plan that Briney and the corporate respondents are administering. According to Briney, Brewer and Richards indicated at this meeting that Briney's tool plan is not a tax shelter, that his case does not fit the parameters of 26 U.S.C. § 6700, and that Briney's interpretation of the applicable law was reasonable. *Briney declaration*, ¶ 19. Briney says he left the May 4, 2006, meeting "with the understanding that Mr. Brewer and Mr. Richards believed there were genuine issues of law on which they would consult with the IRS's National Office. *Id*., ¶ 21.

I find that, if the IRS's inquiry is legitimate, then the information that is the subject of the summonses is relevant to that inquiry. The respondents concede that the material at issue is not already in the government's possession, and that the administrative steps required by the Internal Revenue Code and the applicable regulations have been

4

followed. *Response*, pp. 2 - 3. Nothing in the record indicates that a criminal referral regarding the case has been made to the Department of Justice.

The only question raised by the respondents that is relevant to the enforceability of the summonses is whether the IRS's investigation of the respondents is being conducted for a legitimate purpose. The respondents argue that the summonses at issue should be quashed because they were issued in bad faith. *Response*, p. 3. According to the respondents, the summonses were issued "to harass and intimidate" the respondents' clients. *Response*, p. 3. The respondents claim that before the summonses were issued the IRS "knew full-well" that the respondents' "tool plan makes a good faith effort to comply with the published IRS guidance and the existing Regulations and other authorities with regard to accountable plans." *Id*., p. 4. According to Briney, the "IRS has steadfastly refused to consider tool plans in any significant way except to say that there is no tool plan in existence which can satisfy a small cadre of attorneys in the IRS National Office who have an overly-narrow and unfairly restrictive view of the Regulations." *Memorandum of points and authorities*, p. 3. Briney says it "was abundantly clear to everyone present" at the May 4, 2006, meeting that the respondents' tool plan "presents genuine issues of law within the meaning of the Regulations, the revenue rulings and case law which define the law of accountable plans." *Response*, p. 6.

The respondents' claim of bad faith amounts to a claim that use of this court's process to enforce the summonses is an abuse of this court's process. **U.S. v. Powell**, 379 U.S. 48, 58 (1964). "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the

5

particular investigation." *Id*. Taking the respondents at their word, this case presents "genuine issues of law within the meaning of the Regulations, the revenue rulings and case law which define the law of accountable plans." *Response*, p. 6. The respondents claim that the IRS has "an overly-narrow and unfairly restrictive view of the Regulations." However, the fact that the respondents and the IRS disagree over the genuine issues of law presented by the respondents' case does not indicate bad faith. An effort by the IRS to resolve a genuine issue of law also does not indicate bad faith. The existence of this disagreement, and the IRS's effort to resolve the genuine issue of law, does not demonstrate that the IRS intends to use the summonses to harass and intimidate the respondents or their clients. In short, the respondents have not shown that enforcement of the summonses would violate the law, or would constitute an abuse of this court's process.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States' Petition to Enforce IRS Summonses and Memorandum in Support** [#1], filed February 5, 2007, is **GRANTED**; and

2. The respondents are **ORDERED** to comply with the IRS summonses at issue here on or before **April 27, 2007**, or any later date on which the IRS agrees to accept the respondents' compliance with the subpoenas.

Dated April 16, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge